# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 8:52 am, Jan 06, 2021

UNITED STATES OF AMERICA

v.

PAUL JEROME SIMMONS

Case No. 4:09cr316

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of        is reduced to
   . If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant contends his medical conditions, i.e. asthma, Crohn's disease, and ulcerative colitis, together with the risk of COVID-19, qualify as "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c) that warrant compassionate release.  The Court will assume that Defendant has met his burden to show extraordinary and compelling reasons under § 3582(c).

That is not the end of the Court's analysis, however.  The factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed.  In the underlying case, Defendant pleaded guilty to possession with intent to distribute marijuana.  Though his advisory guidelines range was 130 to 162 months' imprisonment, the sentence was capped at sixty months' imprisonment per the statutory maximum.  Had Defendant been convicted of all the counts with which he was originally charged, because he was a designated career offender, he would not have been limited by the statutory maximum, and his advisory guideline range would have been 262 to 327 months' imprisonment.  The Court sentenced Defendant to sixty months' imprisonment.  About eighteen months after he was released, Defendant's supervised release was

revoked for committing a new crime. The Court sentenced Defendant to another three months' imprisonment. After his release, his supervised release was revoked again for committing a new crime. The Court sentenced Defendant to another twenty months' imprisonment. After his release, for the third time, Defendant's supervised release was revoked when he committed a new crime. The Court sentenced Defendant to another twenty-four months' imprisonment with no supervision to follow. Currently, Defendant's projected release date is November 14, 2021, meaning he has approximately eleven months left to serve. Defendant's criminal history is most concerning. Defendant, as a career offender, has numerous prior convictions, including four felonies, drug convictions and a conviction for violence against women. It appears Defendant's previous convictions and supervised release revocations have not deterred him from committing other offenses. Indeed, Defendant has also been sanctioned by the Bureau of Prisons numerous times for his behavior. The Court concludes that granting Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

January 6, 2021

_____

UNITED STATES DISTRICT JUDGE